ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
LAUREN GIBBS - State Bar No. 251569
lgibbs@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Plaintiff
Featherlite, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: Third Party Subpoena of American Suzuki Motor Corporation<br><br>Related to:<br>Featherlite, Inc.<br>　　　　　　　　　Plaintiff,<br>v.<br>Suzuki Motor Corporation,<br>　　　　　　　　　Defendant.<br>(Trademark Trial and Appeal Board Case No. 91204120) | Case No. SACV12-cv-01571-CJC-MLG<br><br>**FEATHERLITE, INC.'S OPPOSITION TO MOTION OF NON-PARTY AMERICAN SUZUKI MOTOR CORPORATION TO QUASH THRID PARTY SUBPOENA**<br><br>**Hearing Date: October 22, 2012**<br>**Time: 1:30 pm**<br>**Courtroom: 9B** |

## INTRODUCTION

American Suzuki Motor Corporation's (ASMC) Motion to Quash should be denied. Featherlite, Inc. ("Featherlite") is entitled to take discovery on matters relevant to its claims in the underlying action before the Trademark Trial and Appeal Board (TTAB). This entitlement includes Featherlite's right to depose nonparty witnesses, like ASMC, under Rule 30(b)(6) of the Federal Rules of Civil Procedure by issuing a subpoena under Rule 45. Through the subpoena at issue in ASMC's motion, Featherlite seeks only this discovery to which it is entitled.

The subpoena that is subject to ASMC's motion ("the Subpoena") was issued in connection with a trademark opposition proceeding currently pending at the TTAB between Opposer Featherlite and Applicant Suzuki Motor Corporation ("Suzuki"). In that proceeding, Featherlite addressed discovery on the issues covered by the noticed deposition topics to Suzuki. In responding to a number of those discovery requests, Suzuki explained that it does not possess the requested information but stated that its American distributor–ASMC—does. It is that information the Subpoena seeks to discover. This information is exclusively in the possession of ASMC, and the discovery Rules applicable to the trademark opposition proceeding legally obligate ASMC to provide it. Featherlite has not requested that ASMC look to Suzuki for information to prepare a witness to testify at a deposition in compliance with the Subpoena, only that ASMC testify regarding the information it already has. The burden on ASMC is not undue. Through the Subpoena, Featherlite seeks only the discovery it requires to prepare its case for trial at the TTAB from the only entity that has that information.

Moreover, ASMC's concerns over the confidentiality of proprietary and trade secret information are unwarranted. Discovery conducted in conjunction with the underlying TTAB proceeding is governed by the TTAB's Standard Protective Order. That order allows ASMC to designate testimony under any of a number of confidentiality designations. Any testimony designated highly confidential may be heard or viewed only by outside counsel of the parties. ASMC has identified no reason why these protections are not sufficient to protect the confidentiality of its information.

In taking a 30(b)(6) deposition of ASMC, Featherlite seeks information that Suzuki indicates only ASMC—Suzuki's American distributor—possesses. It is not Featherlite's intent to impose a greater burden on ASMC than what the Federal Rules of Civil Procedure requires or to undermine the confidentiality of ASMC's proprietary information. ASMC's motion to quash should be denied.

## FACTUAL BACKGROUND

The Subpoena (Doc. No. 1-1 at 8-30) was served on ASMC in conjunction with a trademark opposition proceeding Featherlite initiated before the TTAB. (Decl. of Eric R. Chad ("Chad Decl.") Ex. 1.) In the opposition, Featherlite contends that a mark for which Suzuki seeks trademark registration is confusingly similar to Featherlite's own trademarks, will dilute the distinctiveness of Featherlite's trademarks, and will damage Featherlite if allowed to register. (*Id.* at ¶¶ 13, 17-21.) Featherlite has thus requested that the TTAB refuse to grant the registration Suzuki seeks. (*Id.* at ¶ 21.)

Featherlite served discovery related to Featherlite's claims on Suzuki, and Suzuki responded on July 9, 2012. (*E.g.* Chad Decl. Exs. 2 & 3.) In response to a number of discovery requests, Suzuki indicated that it did not have possession of the requested information or documents and directed Featherlite to the websites www.suzukimarine.com and www.suzuki.com. (*E.g.* Chad Decl. Ex. 2 at Answer to Interrog. No. 7 & Ex. 3 at Resp. to Req. No. 10.) The websites located at these addresses are operated by Suzuki's American distributor—ASMC. (Chad Decl. Exs. 4 & 5.) On September 27, 2012, Suzuki supplemented a number of its responses to written discovery, and explicitly stated that "Gus Blakely and Larry Vandiver, *both employees of American Suzuki Motor Corporation*, are the people in the United States having the greatest knowledge about advertising, promotion and or intended use in the United States of Applicant's Mark." (Chad Decl. Ex. 7 at Supplemental Resp. to Interrog. 9 (emphasis added).) Suzuki also stated that it intends to call both Mr. Blakely and Mr. Vandiver as witnesses in the underlying trademark opposition. (*Id.* at Supplemental Resp. to Interrog. 11.) Indeed, these are the only witnesses Suzuki says it intends to call. (*Id.*)

Featherlite's Subpoena directed to ASMC seeks to obtain documents and information that Suzuki says it does not have and indicated is in the possession of ASMC. After Featherlite and

ASMC exchanged some initial correspondence, ASMC filed the present motion. Though Featherlite has attempted to compromise with ASMC regarding the scope of the deposition required under the Subpoena (Chad Decl. Ex. 6), Featherlite and ASMC have not been able to reach agreement. Featherlite now responds to ASMC's motion.

## ARGUMENT

**I.   Under the TTAB's procedural rules, a party to a proceeding before the TTAB may depose a nonparty witness.**

In proceedings before the TTAB, a party is entitled to take discovery under the same broad relevance provision as under the Federal Rules of Civil Procedure. *Trademark Trial and Appeal Board Manual of Procedure* (TBMP) § 402.01 ("A party may take discovery not only as to matters specifically raised in the pleadings, but also as to any matter which might serve as the basis for an additional claim, defense, or counterclaim."). This discovery includes the deposition of nonparty witnesses. TBMP § 404.02 ("Deposition of a nonparty witness residing in the United States may be taken by subpoena under Fed. R. Civ. P. 45 . . . ."). Such nonparty witnesses may include business organizations testifying under Rule 30(b)(6) of the Federal Rules of Civil Procedure. TBMP § 404.06(b). ASMC cites no authority suggesting that the Federal Rules of Civil Procedure apply any differently in this case simply because the underlying action is before the TTAB. Indeed, the Rules apply with equal force as they would if the underlying action were litigation before a district court.

**II.   Featherlite is entitled to take discovery on the topics included in Schedule B of the subpoena.**

In the underlying action, Featherlite alleges that granting Suzuki's trademark application will damage Featherlite because the mark for which Suzuki seeks protection is confusingly similar to Featherlite's own trademarks. (Chad Decl. Ex. 1 at ¶ 13.) When determining whether consumers are likely to be confused by Suzuki's mark, the TTAB must consider, among other things, (1) whether Suzuki's mark is used on goods similar to those on which Featherlite's marks are used; (2) whether goods bearing Suzuki's mark are sold in similar channels of trade as those bearing Featherlite's marks; (3) whether goods bearing Suzuki's mark are sold in circumstances similar to those under which goods bearing Featherlite's marks are sold; and (3) the variety of goods on which

1  Suzuki's mark and Featherlite's marks are sold. *In re E.I. Du Pont de Nemours & Co.*, 476 F.2d
2  1357, 1361 (C.C.P.A. 1973.) These are exactly the matters on which Featherlite seeks testimony
3  from ASMC.
4       Featherlite has requested that ASMC prepare a witness to testify on topics such as (1) sale
5  and distribution of products bearing Suzuki's mark,[1] (2) the identity of products bearing Suzuki's
6  mark, (3) ASMC's plans for future use of Suzuki's mark, (4) the channels of trade ASMC uses or
7  intends to use for marketing goods bearing Suzuki's mark, and (5) trade shows or conventions at
8  which ASMC has promoted goods bearing Suzuki's mark. (Doc. No. 101 at 21-23.) These topics
9  relate directly to the matters Featherlite must address in the underlying TTAB proceeding.
10      ASMC does not contend that Featherlite is not entitled to this information. ASMC instead
11 argues that Featherlite must seek this information from Suzuki and that preparing a witness to testify
12 regarding this information will be too burdensome for ASMC.
13      ASMC has already requested documents and information on these matters from Suzuki.
14 (Chad Decl. Exs. 2 & 3.) In a number of instances, Suzuki has indicated that it has no information
15 or documents, has directed Featherlite to a website operated by ASMC, and has named ASMC
16 employees as the individuals most knowledgeable regarding plans to use Suzuki's mark in the
17 United States and as the only witnesses it intends to call in the TTAB proceeding. ASMC suggests
18 that Featherlite must do more to obtain relevant documents and information from Suzuki, but does
19 not explain what additional discovery measures Featherlite may use with Suzuki. Featherlite
20 requested discovery from Suzuki, and Suzuki has allegedly provided all documents and information
21 it has and has directed Featherlite to ASMC. Featherlite is now pursuing additional discovery
22 available to it from ASMC as permitted by the TBMP and Federal Rules of Civil Procedure.
23      Regarding the supposed burden ASMC will endure by preparing a witness to testify at a
24 30(b)(6) deposition, this burden is not undue. ASMC is a subsidiary of Suzuki. (Doc. No. 1 at 18.)
25 It operates as a distributor and distributes products using Suzuki's trademarks throughout the United

---

[1] Though the subpoena requests this information regarding ASMC's or Suzuki's products generally, Featherlite has agreed to limit questions on these topics to the goods that are identified in the trademark application for use in conjunction with Suzuki's mark. (Chad Decl. Ex. 6.)

4
**FEATHERLITE, INC.'S OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA**

780376

1  States.  (*Id.*)  In response to a number of discovery requests, Suzuki directed Featherlite to websites
2  operated by ASMC.  (*E.g.* Chad Decl. Ex. 2 at Answer to Interrog. No. 7 & Ex. 3 at Resp. to Req.
3  No. 10.)  Information regarding the channels of trade through which goods bearing Suzuki's mark
4  are sold in the United States, the identity of such goods, and the manner in which the goods are
5  marketed in the United States is in the possession—likely the exclusive possession—of ASMC, the
6  entity that sells these goods in the United States.  Moreover, contrary to ASMC's contentions,
7  discovery taken thus far has indicated that it is ASMC, not Suzuki, that has at least some of the
8  information that Featherlite seeks.  The matters on which Featherlite seeks to elicit testimony are
9  central to its claims before the TTAB and, to the extent ASMC has information and documents
10  regarding the matters, Featherlite is entitled to depose ASMC regarding them.

11       Featherlite does not seek to impose a burden upon ASMC that is any greater than what the
12  rules of the TTAB and the Federal Rules of Civil Procedure require.  It is not Featherlite's position
13  that ASMC must inspect the files or interview the employees of Suzuki.  The Federal Rules impose
14  no such requirement and Featherlite does not seek to impose it.  This case is thus distinguishable
15  from *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 233 F.R.D. 143 (D.
16  Del. 2005).  Featherlite requests only that ASMC undertake the same preparation required of any
17  other 30(b)(6) deponent: that a corporate representative be prepared with documents and
18  information already within ASMC's possession to testify on behalf of ASMC.  In an effort to
19  minimize the burden imposed upon ASMC, Featherlite has even agreed to limit the deposition
20  topics to cover only the products on which Suzuki's mark is intended to be used.  (Chad Decl. 6.)
21  Any burden ASMC will experience will be no greater than what the Federal Rules of Civil
22  Procedure require.  It will not be undue.  This minimal burden should not be used as a shield to
23  prevent Featherlite from taking discovery to which it is entitled.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

**FEATHERLITE, INC.'S OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA**

780376

**III. ASMC's confidentiality concerns are adequately addressed by the TTAB's Standard Protective Order and do not justify preventing Featherlite from taking proper discovery.**

ASMC also objects to the Subpoena based on purported concerns relating to the confidentiality of its proprietary and/or trade secret information. This is precisely the purpose of protective orders governing discovery. The TTAB has a Standard Protective Order that governs many of the matters that come before it, including the underlying opposition between Featherlite and Suzuki. (Doc. No. 1-1 at 24-30.) The terms of the Standard Protective Order permit ASMC to designate its proprietary or trade secret documents and testimony "Trade Secret/Commercially Sensitive." (*Id.* at 25.) Documents and information so designated are "shielded by the [TTAB] from public access, restricted from any access by the parties, and available for review by outside counsel for the parties, and, subject to the provisions of paragraph 4 and 5, by independent experts or consultants for the parties."[2] (*Id.*) ASMC may thus designate any trade secret information Trade Secret/Commercially Sensitive to limit its disclosure to Featherlite's outside counsel. There is no reason this protection should not be adequate to address ASMC's confidentiality concerns. Though ASMC may be uncomfortable with disclosing such information, even with the Standard Protective Order in place, this is no reason to block Featherlite from seeking legitimate discovery.

## CONCLUSION

For the reasons set forth above, Featherlite respectfully requests that the Court deny ASMC's motion to quash and require ASMC to prepare and provide a witness to testify as required by the subpoena at issue.

DATED: October 1, 2012
           GLASER WEIL FINK JACOBS
            HOWARD AVCHEN & SHAPIRO LLP

           By: /s/ Erica Van Loon
            ERICA J. VAN LOON
            LAUREN M. GIBBS
            Attorneys for Featherlite, Inc.

---

[2] Paragraphs 4 and 5 of the Standard Protective order require that any individual other than outside counsel must be disclosed to the producing party before Trade Secret/Commercially Sensitive information is disclosed to that individual.